336 So.2d 1172 (1976)
Michael Anthony JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 47914.
Supreme Court of Florida.
August 25, 1976.
Richard L. Jorandby, Public Defender, and Channing E. Brackey, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen V. Rosin, Asst. Atty. Gen., for appellee.
OVERTON, Chief Justice.
This is an appeal from a judgment of a circuit court, which directly passed on the constitutionality of Section 959.115, Florida Statutes. We have jurisdiction.[1]
*1173 Appellant Michael Jones at age sixteen was charged with two counts of robbery. The juvenile court certified him to be tried as an adult in the criminal division of the circuit court where he pleaded nolo contendere to one count of robbery. There was no prior hearing in the juvenile court. Upon a finding of guilt the adult trial court had a broad spectrum of sentence alternatives available to it ranging from life imprisonment, to any term of years in the state prison, to probation. The trial judge, in considering the sentence alternatives, selected a less restrictive measure authorized by Section 959.115, Florida Statutes, for youthful offenders. Under the provisions of this section, the trial judge withheld the adjudication of guilt, adjudged the appellant delinquent, and requested the Department of Health and Rehabilitative Services to assume supervision of the appellant. The order required the Division of Youth Services to supervise the appellant until he reached the age of twenty-one, unless sooner discharged.
The applicable authorizing provisions of Section 959.115, Florida Statutes, are as follows:
"(1) A minor found guilty of an offense in a court not exercising juvenile jurisdiction may, as an alternative to other dispositions, be committed to the department for treatment in a youth program outside the correctional system as defined in section 944.02, Florida Statutes, or be placed on probation to the department, if the department is willing and if the offense is a felony or a misdemeanor of the first degree as defined in chapter 775.
"(2) Upon a plea of guilty or a finding of guilt, the court may refer the case to the department for investigation and recommendation as to the amenability of the minor to treatment in its programs.
"(3) In order to utilize this section, the court shall stay and withhold adjudication of guilt and instead shall adjudge the defendant to be delinquent. Such adjudication shall not be deemed a conviction, nor shall it operate to impose any of the civil disabilities ordinarily resulting from a conviction.
"(4) The court shall have the power by order to:
"(a) Place the minor on probation to the department of health and rehabilitative services for an indeterminate period of time until the minor is twenty-one or until sooner discharged by order of the court.
"(b) Commit the minor to the department of health and rehabilitative services for treatment in a youth program for an indeterminate period of time until the minor is twenty-one or until sooner discharged by the department.
"(5)(a) If a minor proves not to be amenable to treatment under the provisions of subsection (4)(a), the court shall have the power to commit the minor to the department as described in subsection (4)(b).
"(b) If a minor proves not to be amenable to treatment under the provisions of subsection (4)(b), the court shall have the power to revoke the adjudication of delinquency, impose the withheld adjudication of guilt, and impose any sentence which it may lawfully impose, giving credit for all time in the department." [Explanatory note omitted.]
Appellant was sent to the Okeechobee School for Boys. After two escapes and an arrest for auto theft, appellant was returned to the trial court by the Division of Youth Services. The Division, in accordance with Section 959.115(4)(b), Florida Statutes, certified that appellant was not amenable to rehabilitation. After an evidentiary hearing on this issue, the court revoked the judgment of delinquency, adjudicated appellant guilty of robbery, and sentenced him to six years at hard labor at the state prison with credit for 480 days served.
First, appellant contends his juvenile commitment was a legal sentence for a maximum of five years (from age sixteen to age twenty-one) and could not be changed. He asserts that his six-year sentence to the *1174 state prison is an improper increase, contrary to the provisions of Rule of Criminal Procedure 3.800, contending the statutory authorization to revoke the treatment of appellant as a juvenile is an unconstitutional infringement of this Court's rule-making power. We disagree. There is no constitutional conflict with our rules in the circumstances of this case, and the contention is without merit.
The appellant next contends that the sentence to six years imprisonment constitutes double jeopardy. He argues that his sentencing under the provisions of Section 959.115(4)(b), Florida Statutes, constituted an irrevocable adjudication of delinquency and treatment as a juvenile, and therefore jeopardy for his criminal conduct attached. He contends that the United States Supreme Court in Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), requires a finding of double jeopardy. In Breed v. Jones, supra, a seventeen year old was charged with armed robbery. The issue of his guilt was tried on the merits in a juvenile adjudicatory proceeding, and he was found delinquent. Thereafter, he was certified for prosecution in the adult court where he was convicted of armed robbery and committed to the California youth authority as provided by statute.
The United States Supreme Court in Breed found the adjudicatory juvenile proceeding to be a trial on the merits, and held that a subsequent prosecution in an adult court constituted a second trial for the same offense. The double jeopardy clause was therefore held to be applicable. We recognized this decision in our recent case of Smith v. State, 316 So.2d 552 (Fla. 1975).
We distinguish Breed v. Jones, supra, and Smith v. State, supra, from the case now before the Court. In the instant case the appellant was certified to be tried as an adult prior to any adjudicatory proceeding in the juvenile court. This is the procedure approved and suggested in Breed v. Jones, supra. There was no second trial to which appellant was subjected.
Although not argued, we recognize that an increase of a lawful sentence after the sentence has been partially served may constitute double jeopardy. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Troupe v. Rowe, 283 So.2d 857 (Fla. 1973). This aspect of the double jeopardy clause is, however, no more applicable to the facts of this case than it is to a revocation of probation.
The adjudication of delinquency and commitment of the appellant were conditional measures pending satisfactory completion of the rehabilitative program and conditions. This less restrictive sentence alternative for treatment as a youthful offender under Section 959.115, Florida Statutes, is analogous to probation as a sentence alternative under Chapter 948, Florida Statutes. Another analogous situation exists with reference to the "split sentence" alternative, which is the imposition of a short period of incarceration as a condition of probation, authorized by Section 948.06, Florida Statutes. See State v. Jones, 327 So.2d 18 (Fla. 1976).[2] The "split sentence" and "straight probation" alternatives may be revoked for cause, and revocation results in the imposition of any sentence which the trial judge might have originally imposed. State v. Jones, supra.
Appellant takes the position that the adult criminal judge should have the authority to treat him as a juvenile and impose this less restrictive punishment but should not have the authority to revoke it for cause. We disagree.
We conclude that a juvenile offender, who is properly certified to be tried as an adult without a prior juvenile adjudicatory hearing, may be sentenced either as an adult or as a juvenile under Section 959.115, Florida Statutes. When he fails to comply with or adapt to the rehabilitative treatment *1175 authorized by the statute, he may be returned to the trial court for an evidentiary determination that he is not amenable to such a rehabilitative program. The trial court, upon so finding, may impose any sentence it could have originally imposed. The situation is identical to a revocation of probation. To hold otherwise would eliminate any incentive the youthful offender might have to successfully complete this less restrictive rehabilitative program, and would cause trial judges to rarely use this sentencing alternative.
The order of the circuit court is affirmed.
It is so ordered.
ROBERTS, ENGLAND, and SUNDBERG, JJ., and RUDD, Circuit Judge, concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] See also, State v. Baker, 327 So.2d 27 (Fla. 1976); State v. Lopez, 327 So.2d 27 (Fla. 1976); State v. Cummings, 327 So.2d 28 (Fla. 1976); State v. Green, 327 So.2d 28 (Fla. 1976).