391 So.2d 343 (1980)
James V. SUAREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1499/T4-646.
District Court of Appeal of Florida, Fifth District.
December 17, 1980.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
*344 FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from an order revoking his probation for violation of conditions four and nine of the probation order.
Condition four required appellant to live and remain at liberty without violating any law. Appellant was charged with two counts of violation of this condition. The court found one violation consisting of his failure to pay the cost of supervision.
Payment of costs of supervision was not specifically made a part of the probation order. Only the court may set the conditions upon which probation may be revoked. Barber v. State, 344 So.2d 913 (Fla. 3d DCA 1977). Therefore the finding that appellant had violated condition four of the probation order was improper.
Condition nine required appellant to pay a public defender lien at the rate of $50.00 per month. Appellant contends that the only evidence to support this violation consisted of hearsay. See Reeves v. State, 366 So.2d 1229 (Fla. 2d DCA 1979). We find, however, that there was sufficient evidence to support the violations. Appellant's own admission that the lien had not been paid was sufficient. See Johnson v. State, 378 So.2d 108 (Fla. 5th DCA 1980).
We affirm the order of the trial court as to appellant's violation of condition nine of the probation order but remand for correction of the order to delete the finding of a violation of condition four.
REMANDED in part and AFFIRMED in part.
SHARP and COWART, JJ., concur.