427 So.2d 280 (1983)
STATE of Florida, ex rel. James T. RUSSELL, As State Attorney in and for Pinellas County, Florida, Petitioner,
v.
Robert A. McGLOTHIN and Crockett Farnell, As Circuit Judge in and for Pinellas County, Florida, Respondents.
No. 82-2883.
District Court of Appeal of Florida, Second District.
February 18, 1983.
*281 James T. Russell, State Atty., and Larry Sandefer, Asst. State Atty., Clearwater, for petitioner.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for respondent McGlothin.
HOBSON, Acting Chief Judge.
The state of Florida petitions for common law certiorari challenging the order below which dismissed the warrant charging the defendant, Robert McGlothin, with two violations of his probation. The defendant was charged with violating his probation by 1) failing to live and remain at liberty without violating any law, and 2) by changing his residence without permission. The state, however, does not contest the dismissal of the second charge.
At the probation revocation hearing, the defendant's probation officer testified that on September 21, 1982, the defendant admitted that he sold hashish and marijuana. The defendant also admitted to the probation officer that the sale took place on September 20, 1982  two months after defendant was placed on probation.
The defendant orally moved to dismiss the warrant. The court granted the motion and dismissed both charges. The court held that:
1. Sale of controlled substances by the Defendant is a significant act.
2. Sale of a controlled substance by the Defendant is an action that would merit revocation of probation.
3. The Defendant admitted to his probation officer that he knowingly sold controlled substances during his probationary period, that the Defendant was on probation at the time and currently, that selling a controlled substance would violate a condition of defendant's probation.
4. That an admission to a crime by a probationer to his probation officer, without a corpus delicti of said crime, is insufficient evidence as a matter of law to revoke defendant's probation.
*282 The trial court's finding in paragraph 4 is an erroneous statement of the law. In Johnson v. State, 378 So.2d 108 (Fla. 4th DCA 1980), the defendant admitted to his supervisor that he used heroin subsequent to the imposition of his probation. At the hearing, the defendant denied making the statement but the trial judge was at liberty to believe that he did. The court held that a defendant's admission against interest, as opposed to statements by third parties, was not hearsay. The court affirmed the revocation based upon the testimony of the supervisor. See also Suarez v. State, 391 So.2d 343 (Fla. 5th DCA 1980); Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977).
A confession, standing alone, is generally insufficient to support a criminal conviction. State v. Allen, 335 So.2d 823 (Fla. 1976). Evidence sufficient to support a criminal conviction, however, is not necessary to sustain a probation revocation order. Bernhardt v. State, 288 So.2d 490 (Fla. 1974).
A probationer's admissions against interest may, as a matter of law, be sufficient to revoke his probation. The trial court is free, however, to disbelieve the probation officer's testimony if the probationer denies making the statement. Therefore, based on Johnson v. State, we grant certiorari and reverse the trial court's order dismissing the charge that defendant failed to live and remain at liberty without violating any law.
BOARDMAN and LEHAN, JJ., concur.