SMITH, Judge.
Leverson appeals his final judgment and sentence for possession of cocaine in Case No. BM-4 and revocation of his probation in Case No. BM-312. After reviewing the briefs and record on appeal, we find no merit in appellant’s arguments as they pertain to his conviction and adjudication of guilt in Case No. BM-4 and as to his revocation of probation in BM-312. We do, however, find merit in appellant’s contention that the trial court’s written reasons for departing from the presumptive guidelines in Case No. BM-4 are not clear and convincing.
Appellant scored 62 points on the guidelines scoresheet, and the recommended sentence was “any non-state prison sanction.” The trial court sentenced appellant to prison for five years. On the score-sheet under the section entitled, “Reasons for Departure,” the trial court stated the following:
Defendant is a scofflaw.
See attached transcript.
“Scofflaw” is defined as “one who habitually violates the law or fails to answer court summonses.” . The American Heritage Dictionary 1163 (New College Edition 1982). The trial court did not determine that appellant was a habitual offender, but even had appellant been subjected to the provisions of section 775.084, Florida Statutes (1985), habitual offender status is an invalid reason for departing from the recommended sentencing range. Whitehead v. State, 498 So.2d 863 (Fla.1986). See also, Cummings v. State, 489 So.2d 121 (Fla. 1st DCA 1986) (characterizing the defendant as a scofflaw was not supported by independent grounds).
As to the second reason for departure (“see attached transcript”), oral statements made by the judge at sentencing will not satisfy the sentencing guidelines requirement of written reasons. Smith v. State, 499 So.2d 912 (Fla. 1st DCA 1986); Jackson v. State, 478 So.2d 1054 (Fla.1985).
We affirm appellant’s conviction and adjudication of guilt in BM-4, but reverse the sentence and remand for resentencing. The revocation of probation in BM-312 is affirmed.
JOANOS and BARFIELD, JJ., concur.