504 So.2d 786 (1987)
Jerome Perry WARING, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2600.
District Court of Appeal of Florida, Second District.
March 25, 1987.
James Marion Moorman, Public Defender and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Jerome Perry Waring, appeals his judgment and fifteen-year sentence for dealing in stolen property. The issues before this court are whether the trial court erred in revoking appellant's probation and *787 whether it was error to sentence appellant without a sentencing guidelines scoresheet or written reasons for departure. We affirm appellant's conviction and remand to the trial court for resentencing.
The affidavit of violation of probation alleged that appellant violated the conditions of his probation by: (1) failing to file monthly reports, (2) failing to pay costs of supervision, (3) absconding from probation, (4) breaking into a school, (5) theft of meat there, (6) breaking into a home, (7) theft of a television there, (8) burglary of a liquor truck, and (9) failing to pay ordered court costs.
We find that the only allegation supported by evidence is the theft of meat from the school. Appellant, after being advised of his rights, confessed to a police officer that he helped load the stolen meat. The confession, in itself, is sufficient for revocation of probation purposes. The level of evidence required to support a revocation of probation does not call for evidence sufficient to support a criminal conviction. James v. State, 452 So.2d 1048 (Fla.2d DCA 1984), State ex rel. Russell v. McGlothin, 427 So.2d 280 (Fla. 2d DCA 1983).
We strike the invalid reasons for revocation of appellant's probation and affirm the trial court's order. See Smith v. State, 380 So.2d 1175 (Fla. 4th DCA 1980).
In view of the trial court's failure to file a sentencing guidelines scoresheet and to provide written reasons for departure from the guidelines, we remand this action for resentencing. State v. Jackson, 478 So.2d 1054 (Fla. 1985).
LEHAN, A.C.J., SANDERLIN, J., and BOARDMAN, EDWARD F. (Ret), J., concur.