506 So.2d 41 (1987)
Robert GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2526.
District Court of Appeal of Florida, Second District.
April 22, 1987.
*42 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Robert Green, was 16 years old on June 5, 1983, when he committed the offenses of robbery and second degree grand theft. The state attorney, acting pursuant to section 39.04(2)(e)(4), Florida Statutes (1983), filed an information requesting that adult sanctions be imposed upon Green. Green pleaded nolo contendere to the robbery charge, adjudication was withheld and he was placed on probation for one year, that period to run consecutively with a county jail sentence he was serving on other charges. The grand theft charge was dismissed.
Green was released from the county jail on June 9, 1985. On August 30, 1985, an affidavit was executed asserting that Green had engaged in criminal conduct in violation of his probationary status. Specifically, the affiant alleged that on July 2, 1985, Green committed the crimes of armed robbery, grand theft auto, possession of a short-barreled shotgun and carrying a concealed weapon. Green's probation was revoked on October 24, 1985, and he was sentenced to 15 years imprisonment for the 1983 robbery committed as a juvenile. That sentence was to begin upon the expiration of a 7 year sentence imposed for the crimes triggering Green's violation of probation.
We find two problems in the adult sentence imposed for the robbery conviction. First, the record fails to reflect an affirmative election by Green that he be sentenced pursuant to the guidelines. It does appear from the record that at sentencing the discussion of a scoresheet occurred, but we have found nothing permitting us to conclude that Green was sentenced pursuant to the guidelines. Thus, to preserve Green's eligibility for parole, the sentence must be corrected to reflect that it is not a guidelines sentence. Hall v. State, 482 So.2d 560 (Fla. 2d DCA 1986).
Second, the fact that Green had reached adulthood when he was belatedly sentenced for the 1983 crime does not obviate the requirement that there be findings consistent with the suitability of the adult sanction. § 39.111(7)(c), Fla. Stat. (Supp. 1986). The record does not contain the essential findings. State v. Rhoden, 448 So.2d 1013 (Fla. 1984). Thus, the sentence is illegal. State v. Whitfield, 487 So.2d 1045 (Fla. 1986); Rathbone v. State, 448 So.2d 85 (Fla. 2d DCA 1984); Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979).
This matter is remanded for the correction of sentence and findings prepared in *43 accordance with section 39.111(7)(c), Florida Statutes (Supp. 1986).
SANDERLIN, J., and BOARDMAN, EDWARD F. (Retired) J., concur.