FRANK, Judge.
Pursuant to guilty pleas, Billy Mark Shipley was convicted and sentenced for robbery, burglary and armed burglary. *1329 He has appealed the judgments and sentences; we affirm the convictions but find error in the resulting sentences.
Shipley was charged in separate informa-tions with the commission of a burglary on March 3, 1980, and a robbery on March 2, 1981. On November 10, 1981, the trial court entered an order withholding adjudication on the two offenses and placing Shipley on five years probation for the burglary and seven years probation for robbery, the sentences to run concurrently. Shipley subsequently violated probation when he committed an armed burglary on September 20, 1985. His probation was revoked and he was adjudicated guilty, consistent with his pleas, on the three charges. At sentencing, the trial court departed from the guidelines and imposed prison sentences of five years for the burglary, fifteen consecutive years for the robbery and fifteen concurrent years for the armed burglary.
The record reveals that the trial court did not afford Shipley an opportunity affirmatively to elect to be sentenced pursuant to the guidelines for the two pre-guidelines offenses. Thus, the trial court erred when it enhanced the sentences absent Shipley’s affirmative election. Jackson v. State, 478 So.2d 515 (Fla. 2d DCA 1985). To preserve his right to parole on the offenses committed prior to October 1, 1983, the trial court should correct those sentences to reflect that they are nonguide-lines sentences. Jackson; Green v. State, 506 So.2d 41 (Fla. 2d DCA 1987).
An additional error stems from the absence of a scoresheet in connection with Shipley’s 1985 offense of armed burglary. Although there is a reference in the record to a presumptive range calling for a sentence of 3V2 to 4¾⅛ years, the trial court’s failure to prepare a scoresheet is not harmless where, as here, it does not appear that the trial court was aware of the guidelines sentence. But see Whistin v. State, 500 So.2d 730 (Fla. 2d DCA 1987). The trial court again erred when it vocalized reasons for departure, but did not set forth those reasons in writing. Leverson v. State, 502 So.2d 1320 (Fla. 1st DCA 1987). Thus, the trial court’s failure to prepare a scoresheet and written reasons for departure requires that Shipley be resentenced in connection with the armed burglary offense. Waring v. State, 504 So.2d 786 (Fla. 2d DCA 1987); Leverson. The armed burglary sentence should be imposed within the guidelines unless the trial court provides valid written reasons for departure; that sentence is, of course, to run concurrently with the corrected sentences imposed for the 1980 and 1981 offenses.
We remand this matter to the trial court for further proceedings in accordance with this opinion.
DANAHY, C.J., and THREADGILL, J., concur.