PETERSON, Judge.
Jermaine Powell was seventeen when he was charged with and pled no contest to one count of trafficking in cocaine and two counts of unlawful sale or delivery of a controlled substance. Powell’s case had been transferred to the circuit court for adult prosecution, but the sentencing judge elected to impose juvenile sanctions after review of the predisposition report (PDR). Powell had attained his eighteenth birthday when he was placed on a program of community control, supervised by the Department of Health and Rehabilitative Services (HRS), on September 19, 1990. The terms of the community control were to continue until Powell’s nineteenth birthday unless terminated earlier by the court.
Approximately one and a half months prior to his nineteenth birthday, Powell violated the terms of his community control and was sentenced as an adult to five years in the Department of Corrections. The trial court conducted a disposition hearing pursuant to section 39.059(7)(c), Florida Statutes, before imposing adult sanctions, but Powell complains that his sentence is illegal because the trial court failed to obtain an updated PDR and did not afford Powell full opportunity to prepare and be *487 heard during the disposition hearing. He also complains that the judge presiding over the revocation hearing had no authority to impose adult sanctions when the original sentencing judge imposed juvenile sanctions.
Once it is determined that a child is to be prosecuted as an adult, the provisions of section 39.059, Florida Statutes (1991), are invoked.[1] Subsections (6)(a) and (6)(b) prescribe the alternatives available when the terms of community control are violated.[2] Since Powell was over nineteen at the time of sentencing after revocation of community control, and since he was neither a serious or habitual offender, the court had the option under subsection (6)(b) to revoke the previous adjudication of delinquency, impose an adjudication of guilt, classify Powell as a youthful offender, if appropriate, and impose any sentence which it could lawfully impose. We conclude this last power — to impose any sentence which it may lawfully impose — includes the ability to impose adult sanctions. We find support for this conclusion in Jones v. State, 336 So.2d 1172 (Fla.1976). There, the supreme court quoted former section 959.-115(5) which contains language similar to the contained in section 39.059(6)(b):
“(5)(a) If a minor proves not to be amenable to treatment under the provisions of subsection (4)(a),[3] the court shall have the power to commit the minor to the department as described in subsection (4)(b).[4]
“(b) If a minor proves not to be amenable to treatment under the provisions of subsection (4)(b), the court shall have the power to revoke the adjudication of delinquency, impose the withheld adjudication of guilt, and impose any sentence which it may lawfully impose, giving credit for all time in the department.” [Explanatory note omitted.]
Id. at 1173 (footnotes added), quoting § 959.115(5), Fla.Stat. (1975). The supreme court stated:
We conclude that a juvenile offender, who is properly certified to be tried as an adult without a prior juvenile adjudicatory hearing, may be sentenced either as an adult or as' a juvenile under Section 959.115, Florida Statutes. When he fails *488 to comply with or adapt to the rehabilitative treatment authorized by the statute, he may be returned to the trial court for an evidentiary determination that he is not amenable to such a rehabilitative program. The trial court, upon so finding, may impose any sentence it could have originally imposed. The situation is identical to a revocation of probation. To hold otherwise would eliminate any incentive the youthful offender might have to successfully complete this less restrictive rehabilitative program, and would cause trial judges to rarely use this sentencing alternative.
Id. at 1174-75. The court then affirmed the imposition of adult sanctions, to-wit: six years’ imprisonment.
We also find support for the reevaluation of a juvenile’s suitability for adult sanctions upon the revocation of his probation in the case of Green v. State, 506 So.2d 41 (Fla. 2d DCA 1987). In Green, the youth committed a robbery at age sixteen and pled no contest. Adjudication was withheld and the youth was placed on probation consecutive to a county jail term he was serving on other charges. Shortly after his release from jail, the youth was charged with violating his probation by engaging in an armed robbery and grand theft auto. Upon his resentencing to the Department of Corrections for the original crime, the trial court failed to make findings regarding the youth’s suitability for adult sanctions. The district court found that the adult sentence should not have been imposed on the youth without evaluating the criteria for imposing such even though, at the time of sentencing, the youth was an adult. The matter was then remanded for findings to be made in accordance with the criteria. Thus, in Green, the court found that an evaluation of one’s suitability for adult sanctions is required upon a resen-tencing made pursuant to a probation revocation even though that determination was previously made at the original disposition hearing. Cf. Griffin v. State, 519 So.2d 677 (Fla. 2d DCA 1988); Bailey v. State, 403 So.2d 1106 (Fla. 2d DCA 1981).
While we reach the conclusion that the trial court had the power to impose adult sanctions upon Powell, the power is not without restrictions. Powell had originally received juvenile sanctions for his crimes. If adult sanctions are to be imposed upon violation of the terms of the juvenile sanction of community control, a disposition hearing is required pursuant to section 39.059(7). The court did hold a semblance of such a hearing in the instant case, but it was deficient:
1. The disposition hearing was held only two days after the second segment of the hearing on the violation of community control and upon a two-day notice to Powell. Defense counsel objected to such an early hearing, indicating that such short notice did not give them the opportunity to prepare and obtain witnesses; Powell was the only defense witness at the disposition hearing.
Apparently, the disposition hearing was advanced on the calendar with only two days’ notice because the state and defense counsel advised the court that jurisdiction over Powell would terminate upon his nineteenth birthday which was the day after the advanced disposition hearing. This advice was probably given as a result of the original disposition order indicating, that, consistent with the provisions of section 39.059(4)(a), the community control program terminated on Powell’s nineteenth birthday. We find this advice to be erroneous because he was charged with a violation of community control before reaching his nineteenth birthday. Each day of community control is as important as the next, and a juvenile should not gain a sense of comfort by violating the terms of this lenient form of punishment when it is apparent that violation and disposition hearings cannot be held prior to the nineteenth birthday. See Aguiar v. State, 593 So.2d 1225 (Fla. 3d DCA 1992) (where affidavit charging violation of probation was filed before expiration of probationary period, trial court had jurisdiction); Fryson v. State, 559 So.2d 377 (Fla. 1st DCA 1990); State v. Wimberly, 574 So.2d 1216 (Fla. 2d DCA 1991).
*489 2. The PDR considered by the trial court was approximately one year old, and, while there is no language in section 39.-059(7)(a) that indicates when a report is stale, fairness to both the state and the defendant requires that a one-year-old report be updated when adult sanctions are considered.
3. Section 39.059(6)(b) requires that the court notify the victim, parents, guardians or legal custodians of the child of the hearing. While the nature of the charges against Powell may eliminate notice to a victim, and his majority may eliminate a guardian or legal custodian, the parents may have been overlooked.
4. The trial court failed to give adequate consideration to whether youthful offender classification, pursuant to chapter 958 of the Florida Statutes, was appropriate as suggested by section 39.059(6)(b). The trial court in the instant case appears to have been misled by the state. When it inquired about the classification, the state responded:
The State would prefer that he just be sentenced as an adult, Your Honor. I really think the State of Florida is wasting its time and resources to put this individual under a youthful offender program. Part of the youthful offender program is a release back to the community on a probation type of situation. So he’s going to be coming right back again on some form of community control or probation whereas an adult sentence he would just go to state prison, when his time is up, he’s released and that’s the end of it.
The alternatives under the youthful offender statute include more than probation or community control. They can include commitment to the Department of Corrections in a youthful offender program for the same period of time as the maximum period of incarceration for the offense but not more than six years. § 958.04(2)(d), Fla. Stat. (1991).
In view of the original adjudication of delinquency and imposition of a lenient form of community control, it appears from the record before us that, in finding the appellant had violated the curfew provision of his community control, the trial court perhaps should have given more consideration to the youthful offender classification.
We hold that a juvenile who is prosecuted as an adult under section 39.059, and who is originally adjudicated a delinquent and placed in a community control program, may subsequently receive adult sanctions upon violation of the terms of community control provided that a disposition hearing is conducted pursuant to section 39.059(7) after the community control is found to be unsuitable, pursuant to section 39.059(6)(b). Powell’s sentence is vacated, and we remand so that the trial court can conduct a disposition hearing pursuant to section 39.059(7), Florida Statutes, after ordering an updated PDR, affording adequate notice to the appropriate participants, and making the findings as required by subsection (7)(c). The trial court may impose youthful offender or adult sanctions, whichever may be appropriate after consideration of the evidence.
Sentence VACATED; REMANDED.
W. SHARP and DIAMANTIS, JJ., concur.

. This statute is the successor to section 39.111, but any differences are insignificant for purposes of making a decision in the instant case. Powell was originally placed in a community control program pursuant to section 39.-059(4)(a), formerly section 39.111(4)(a), a juvenile sanction.

. Section 39.059(6) provides:
(6)(a) If a child proves not to be suitable to a community control program under the provisions of paragraph (4)(a), the court shall have the power to commit the child to the department as described in paragraph (4)(b) or paragraph (4)(c).
(b) If a child proves not to be suitable to a community control program or for a treatment program under the provisions of paragraph (4)(b) or a serious or habitual delinquent children program under the provisions of paragraph (4)(c), the court may revoke the previous adjudication, impose an adjudication of guilt, classify the child as a youthful offender when appropriate, and impose any sentence which it may lawfully impose, giving credit for all time spent by the child in the department.
Section 39.059(4) provides:
(4) The court shall have the power by order to:
(a) Place the child in a community control program under the supervision of the department for an indeterminate period of time until the child reaches the age of 19 years or until sooner discharged by order of the court.
(b) Commit the child to the department for treatment in an appropriate program for children for an indeterminate period of time until the child is 19 or until sooner discharged by the department. The department shall notify the court of its intent to discharge no later than 14 days prior to discharge. Failure of the court to timely respond to the department's notice shall be considered approval for discharge.
(c) Commit the child to the department for placement in a serious or habitual delinquent children program for an indeterminate period of time until the child is 21 or until sooner discharged by the treatment provider and the department. The department shall notify the court of its intent to discharge no later than 14 days prior to discharge. Failure of the court to timely respond to the department's notice shall be considered approval for discharge.

. Subsection (4)(a) provided for probation to be supervised by the HRS.

. Subsection (4)(b) provided for treatment in a youth program to be supervised by HRS.