653 So.2d 442 (1995)
Jamie Michelle CRAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00747.
District Court of Appeal of Florida, Second District.
March 31, 1995.
James Marion Moorman, Public Defender, and Karen Kinney, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Angela D. McCravy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Jamie Crain raises several issues in this appeal of her sentence as a youthful offender for the offenses of uttering a forged check and robbery. We find merit only in her contention that the trial court failed to comply with section 39.059(7), Florida Statutes (1993), before imposing adult sanctions. Accordingly, we reverse and remand for resentencing.
Crain was a juvenile at the time of the offenses but was transferred for adult prosecution pursuant to a direct-filed information. § 39.047(4)(e)5., Fla. Stat. (1993). She pleaded guilty with the understanding that she would receive juvenile sanctions. The trial court then adjudicated Crain delinquent and committed her to a residential treatment program with the Department of Health and Rehabilitative Services for an indeterminate period not to exceed her nineteenth birthday. The order of commitment put Crain on notice in accordance with section 39.059(6)(b) that if she did not prove suitable for treatment under the supervision of the department then the trial court could "revoke the adjudication of delinquency, impose an adjudication of guilt, reclassifying the defendant as a youthful offender, when appropriate, and impose any sentence which it may lawfully impose."
Crain subsequently violated her commitment by running away from her halfway house. Following her apprehension, the trial court conducted a perfunctory hearing at which it merely revoked Crain's order of delinquency and sentenced her as a youthful offender for both offenses under section 958.04, Florida Statutes (1993). At no time did it conduct a dispositional hearing under section 39.059(7) before deciding to impose a youthful offender sentence.
A youthful offender sentence is an adult sanction. Cooper v. State, 465 So.2d 1334 (Fla. 4th DCA 1985). Consequently, before sentencing Crain as a youthful offender, the trial court was required to comply with section 39.059(7). See Powell v. State, 606 So.2d 486 (Fla. 5th DCA 1992). Accordingly, we reverse Crain's sentence and remand for resentencing in compliance with section 39.059(7), Florida Statutes (1993).
Reversed and remanded for resentencing.
FRANK, C.J., and ALTENBERND and LAZZARA, JJ., concur.