862 So.2d 847 (2003)
Alexis DeJESUS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2699.
District Court of Appeal of Florida, Fourth District.
December 10, 2003.
*848 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Michael J. Neimand and Andrea D. England, Assistant Attorney's General, Fort Lauderdale, for appellee.
MAY, J.
The defendant appeals the trial court's denial of his motion to declare section 943.0435, Florida Statutes (2002), the sexual offender statute, unconstitutional. He argues that the statute violates his procedural due process and privacy rights. He further argues that the sexual offender statute cannot be applied to him because he was sentenced as a youthful offender. Lastly, he argues that the court erred in denying his request to remove him from the sexual offender designation and registration because registration is required only after "release" from supervision. We disagree with the defendant in all respects and affirm.
The constitutional issues raised by the defendant have been addressed recently *849 by a number of courts. The United States Supreme Court upheld a similar, but not identical, sexual offender statute in Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). Both the Fifth and Second District Courts of Appeal have upheld Florida's sexual offender statute. Johnson v. State, 795 So.2d 82 (Fla. 5th DCA 2000); Givens v. State, 851 So.2d 813 (Fla. 2d DCA 2003). More recently, this court upheld Florida's more restrictive sexual predator statute against similar attack in Reyes v. State, 854 So.2d 816 (Fla. 4th DCA 2003). For the reasons expressed in these cases, we now join the second and fifth districts in finding Florida's sexual offender statute constitutional.
Nevertheless, the defendant argues that the sexual offender statute cannot be applied to him because he was sentenced as a juvenile under the youthful offender statute. His argument fails for two reasons. First, the defendant entered into a negotiated plea, which included both youthful offender and sex offender probation. The defendant did not timely file a motion to withdraw his plea and he has therefore failed to preserve this issue for appeal. See Fla. R.App. P. 9.140(b)(2)(A).
Second, the defendant's reliance on C.C.M. v. State, 782 So.2d 537 (Fla. 1st DCA 2001), to suggest that a youthful offender sentence prohibits the imposition of conditions set forth in the sexual offender statute, is misplaced. C.C.M. held that the sexual offender statute was inapplicable to juvenile proceedings. However, the youthful offender sentence is an adult not a juvenilesentence. See State v. Richardson, 766 So.2d 1111, 1113 n. 1 (Fla. 3d DCA 2000), rev. denied, 786 So.2d 1189 (Fla.2001); Crain v. State, 653 So.2d 442 (Fla. 2d DCA 1995), rev. denied, 658 So.2d 990 (Fla.1995).
The defendant's third issue involves his strained construction of the registration requirements of the statute. He argues that because section 944.607(9), Florida Statutes (2002), provides for the offender to register according to section 943.0435(3), and that section does not require registration until 48 hours after being released from supervision, he should not have to register until he is released from probation. Simply put, his argument lacks merit.
There is no room for doubt that the reference to "release" in section 943.0435(3) is for offenders serving prison time, not for those on probation. Section 944.607(9) provides for the registration of offenders not serving prison time and clearly requires them to register in the same "manner" as provided in section 943.0435(3). While the "manner" of registration is the same, it defies reason to suggest that a person on sexual offender probation is not required to register while in the community until after he is released from probation. Such an interpretation ignores the plain language of the applicable statutes, and the clear intent of the legislature. We will not ignore the obvious.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
GUNTHER and WARNER, JJ., concur.