882 So.2d 412 (2004)
STATE of Florida, Appellant,
v.
Lance BOUCHILLON, Appellee.
No. 4D03-682.
District Court of Appeal of Florida, Fourth District.
August 11, 2004.
Rehearing Denied October 11, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellant.
Michael J. Rocque and Monica L. Sherman, Fort Lauderdale, for appellee.
PER CURIAM.
The State appeals the trial court's failure to sentence Lance Bouchillon as a sexual predator. We affirm because we find that Bouchillon does not meet the criteria for sentencing under the Sexual Predators Act.
Bouchillon pled no contest to the charge of lewd or lascivious battery. At the sentencing hearing, the trial court found that the Sexual Predators Act, section 775.21, Florida Statues, did not apply to Bouchillon as he was being sentenced as a youthful offender. The State objected and argued that Bouchillon should have been sentenced under the Sexual Predators Act. The trial court disagreed and withheld adjudication, placing Bouchillon on six years probation with certain special conditions. The State now appeals.
Bouchillon was convicted of committing a lewd or lascivious battery which is a violation of section 800.04(4)(a), Florida Statutes. Bouchillon is correct that in this case, his conviction does not meet the Sexual Predators Act criteria and thus, this statute cannot be applied to him. Section 775.21(4)(a)1., Florida Statutes (2002), titled "SEXUAL PREDATOR CRITERIA" states:
an offender shall be designated as a "sexual predator" under subsection (5), and subject to registration under subsection (6) and community and public notification under subsection (7) if:
1. The felony is:
a. A capital, life or first degree felony violation, or any attempt thereof, of s. 787.01 or s. 787.02, where the victim is a minor and the defendant is not the victim's parent, or of chapter 794, s. 800.04, or s. 847.0145, or a violation of a similar law of another jurisdiction; or
b. Any felony violation, or any attempt thereof, of s. 787.01, s. *413 787.02, or s. 787.025, where the victim is a minor and the defendant is not the victim's parent; chapter 794, excluding ss. 794.011(10) and 794.0235; s. 796.03; s. 800.04; s. 825.1025(2)(b); s. 827.071; or s. 847.0145; or a violation of a similar law of another jurisdiction, and the offender has previously been convicted of or found to have committed, or has pled nolo contendere or guilty to, regardless of adjudication, any violation of s. 787.01, s. 787.02, or s. 787.025, where the victim is a minor and the defendant is not the victim's parent; s. 794.011(2), (3), (4), (5), or (8); s. 794.05; s. 796.03; s. 800.04; s. 825.1025. s. 827.071; s. 847.0133; s. 847.0135; or s. 847.0145, or a violation of a similar law of another jurisdiction[.]
Thus, to meet the criteria under section 775.21(4)(a)1.a., Bouchillon would have to have been convicted of a violation of section 800.04 which was "a capital, life or first degree felony." Here, Bouchillon was convicted of a second degree felony violation of section 800.04. § 800.04(4). Therefore, he does not meet the sexual predator criteria under section 775.21(4)(a)1.a.
In order to meet the criteria under section 775.21(4)(a)1.b., Bouchillon would have to have been previously convicted of a violation of section 800.04 "or a violation of a similar law of another jurisdiction and ... previously ... convicted of or found to have committed, or ... pled nolo contendere or guilty to, regardless of adjudication a violation of" one of the statutes listed at the end of section 775.21(4)(a)1.b. See Maceo v. State, 870 So.2d 852, 853 (Fla. 3d DCA 2003) (finding that Maceo did not qualify as a sexual predator under section 775.21(4)(a)1.b. "as he had not previously been convicted of, plead nolo or guilty to, or found to have committed any of the enumerated prior offenses which would qualify him for classification as a sexual predator"); Kidd v. State, 855 So.2d 1165, 1167 (Fla. 5th DCA 2003) (stating that section 775.21(4)(a)1.b. "requires proof of a prior felony conviction or plea to a prior felony conviction before designating a defendant a sexual predator"). Here, the State has not alleged that Bouchillon has any prior convictions, and there is no evidence in the record that Bouchillon has any prior convictions. Thus, Bouchillon does not meet the criteria for sentencing as a sexual predator under 775.21(4)(a)1.b. Because Bouchillon does not meet the criteria under either 775.21(4)(a)1.a. or 775.21(4)(a)1.b., he cannot be sentenced as a sexual predator.
Although the trial court found that Bouchillon was not a sexual predator based on his status as a youthful offender, this Court may affirm the trial court's decision for a different reason, namely that he does not qualify for sentencing as a sexual predator. See Lowery v. State, 766 So.2d 417, 417 (Fla. 4th DCA 2000) ("This court may affirm a trial court decision deemed `right for a different reason' under the `tipsy coachman' rule....") However, we also write to briefly address the trial court's finding that Bouchillon should not be sentenced under the Sexual Predator Act because he had been designated a youthful offender.
The State correctly argues and Bouchillon concedes that there is nothing in the Sexual Predator Act which states that it cannot apply to a defendant sentenced as a youthful offender. The Florida Supreme Court has previously held that the Sexual Predator Act does not apply to juveniles charged as adults but adjudicated delinquent as they are not "criminally convicted" as required by the Sexual Predator Act. State v. J.M., 824 So.2d 105, 109 (Fla.2002). However, a youthful offender sentence "is an adult  not a juvenile  sentence." *414 Dejesus v. State, 862 So.2d 847, 849 (Fla. 4th DCA 2003) (emphasis in original) (citations omitted). Furthermore, in this case, Bouchillon pled no contest to his charge and adjudication was withheld. A no contest plea where adjudication is withheld is specifically included in the Sexual Predator Act's definition of "conviction." § 775.21(1)(c), Fla. Stat. (2002). As the State has argued, the Sexual Predator "Act is mandatory and affords no discretion to the trial judge to designate an individual a sexual predator if the statutory criteria are established." Kelly v. State, 795 So.2d 135, 137 (Fla. 5th DCA 2001). Thus, Bouchillon's classification as a youthful offender would not have excused the trial court from sentencing him under the Sexual Predator Act. However, as already stated, because we find that Bouchillon did not meet the criteria for sentencing under the Sexual Predator Act, we affirm.
AFFIRMED.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.