EVANDER, J.
In 1987, Underwood entered a guilty plea to the charges of burglary of a dwelling with battery and sexual battery with a deadly weapon. He was sentenced to twelve years in the Department of Corrections followed by life probation. On January 6, 2004, a violation of probation warrant was issued alleging Underwood had violated his probation by committing new law violations (condition (5)) and by failing to complete a sex offender treatment program (condition (8)). After a hearing, the trial court found Underwood had violated both conditions. He was subsequently sentenced to twenty-two years in the Department of Corrections with credit for time served. On appeal, Underwood raises several issues.
We affirm the trial court’s decision finding Underwood had violated condition (5). Underwood’s admission that he had been convicted in Kentucky of a criminal trespass committed on November 12, 2003, was sufficient to support the trial court’s decision. See Stevens v. State, 409 So.2d 1051 (Fla.1982); Waring v. State, 504 So.2d 786 (Fla. 2d DCA 1987); State ex rel. Russell v. McGlothin, 427 So.2d 280 (Fla. 2d DCA 1983); Suarez v. State, 391 So.2d 343 (Fla. 5th DCA 1980).
Although we find the evidence was insufficient to support the trial court’s finding as to condition (8), we find it unnecessary to remand for a new sentencing hearing. The trial judge’s comments clearly show that her sentencing decision was based on the events which ultimately led to Underwood’s criminal trespass conviction. See McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987).
After the trial court found Underwood had violated his probation, but prior to sentencing, Underwood raised two new issues. First, he made an ore tenus motion to withdraw his plea to the original charges. The trial court properly declined to hear the motion. The motion was neither sworn to nor timely. Lyell v. State, 872 So.2d 447 (Fla. 2d DCA 2004). Second, Underwood argued the warrant incorrectly alleged the criminal trespass in Kentucky had been committed on January 3, 2004, not November 12, 2003. Underwood’s challenge was untimely. Smart *1275 mays v. State, 901 So.2d 278 (Fla. 5th DCA 2005).
The trial court’s order is affirmed in all respects except as to its finding that Underwood violated condition (8).
AFFIRMED.
GRIFFIN and PALMER, JJ„ concur.