PER CURIAM.
Octavius Scott timely appeals the summary denial of his rule 3.800 motion alleging that his sentence is illegal. Scott was convicted, following a jury trial, of burglary of a dwelling and petit theft. He was sentenced on April 9, 2009, to twelve years’ imprisonment as a habitual felony offender (HFO) and time served, respectively. Although the trial court found the claim successive to an earlier rule 3.800 motion, Scott correctly points out that he did not raise this exact claim. Nevertheless, we affirm.
Scott contends that his HFO sentence is illegal because he did not have the requisite predicate offenses in order to be habit-ualized as an HFO. He alleges that one of the predicate offenses used to habitualize him could not qualify him as an HFO, because he was a juvenile at the time he committed that offense. It appears from the record, however, that he was sentenced as a youthful offender. A youthful offender sentence may properly be considered a predicate offense for habitualization. See § 775.084, Fla. Stat. (2008). “A youthful offender sentence is an adult sanction.” Crain v. State, 653 So.2d 442 (Fla. 2d DCA 1995); Cooper v. State, 465 So.2d 1334 (Fla. 4th DCA 1985); accord State v. Richardson, 766 So.2d 1111, 1113 n. 1 (Fla. 3d DCA 2000) (“A youthful offender sentence is an adult sanction under Chapter 958, Florida Statutes, not a juvenile sanction under Chapter 985, Florida Statutes.”); Whitfield v. Singletary, 730 So.2d 314, 315 (Fla. 3d DCA 1999) (“It is true that the defendant was sentenced as a youthful offender for this crime, but that does not preclude its consideration as a predicate offense”). Therefore, he has not shown that the predicate offense could not be considered, and thus he has shown no illegality in his HFO sentence.

Affirmed.

WARNER, CONNER and KLINGENSMITH, JJ., concur.