DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KELVIN DORCELY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1272

[September 12, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2014-CF-011667-AXXX-MB.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

The issue in this case is whether Kelvin Dorcely's due process rights were violated when the court found him unsuitable for juvenile sanctions, revoked his juvenile probation, and resentenced him as an adult. We affirm the lower court's orders in all respects and write to address the propriety of the proceedings conducted below.

Section 985.565, Florida Statutes (2016), addresses sentencing powers and disposition alternatives for children prosecuted as adults. Section 985.565(4)(b) allows the court to impose juvenile sanctions in some cases. If juvenile sanctions fail, however, section 985.565(4)(c) allows the court to "revoke the previous adjudication, impose an adjudication of guilt, and impose any sentence which it may lawfully impose . . . . "

In this case, Dorcely was sentenced under section 985.565(4)(b) to juvenile probation. His disposition order contained the following language:

**THE YOUTH IS PLACED ON NOTICE THAT THE COURT MAY REVOKE THIS FINDING OF DELINQUENCY AND RESENTENCE THE YOUTH TO ADULT SANCTIONS SHOULD THE YOUTH PROVE UNSUITABLE FOR JUVENILE SANCTIONS . . . .**

Several months after he was placed on probation, the Department of Juvenile Justice ("DJJ") found that Dorcely was non-compliant with the court-ordered sanctions, demonstrated anti-social behaviors, and displayed disregard for authority figures. The DJJ filed a violation report and an "affidavit of unsuitability" under section 985.565(4)(c), alleging that Dorcely was unsuitable for juvenile sanctions because he had violated the terms of his juvenile probation.

Section 985.565(4)(c) requires "a hearing" and allows the court to find a child unsuitable for juvenile sanctions "if the child commits a new violation of law while under juvenile sanctions, if the child commits any other violation of the conditions of juvenile sanctions, or if the child's actions are otherwise determined by the court to demonstrate a failure of juvenile sanctions." *Id.* The hearing must be an evidentiary hearing and the defendant must be given adequate notice and the opportunity to prepare and participate. *Jones v. State*, 336 So. 2d 1172, 1174-75 (Fla. 1976) (evidentiary hearing required); *Powell v. State*, 606 So. 2d 486, 488 (Fla. 5th DCA 1992) (defendant entitled to adequate notice and opportunity to obtain and prepare witnesses, notice to the parents, and an updated predisposition report).

Here, Dorcely had two evidentiary hearings: an unsuitability hearing under section 985.565(4)(c), and a resentencing hearing under section 985.565(3). Following the presentation of evidence and argument by counsel at the unsuitability hearing, the court found that it was "abundantly clear . . . that Mr. Dorcely is not suitable for juvenile sanctions." A year later, the court conducted the resentencing hearing and sentenced Dorcely as an adult to ten years in prison.[1]

Dorcely makes two arguments on appeal. First, he argues that the trial court lacked authority to revoke his juvenile sanction because the DJJ only found him unsuitable for the juvenile sanction of probation, the DJJ had not concluded that he was unsuitable for *all* juvenile sanctions. We find that the court's order, revoking Dorcely's juvenile sanction and imposing an adult sentence, is supported by the plain, unambiguous language of section 985.565. The statute reads:

---

[1] Dorcely's underlying offense was attempted armed robbery.

> If a child proves not to be suitable to _a_ commitment program, juvenile probation program, or treatment program under paragraph (b), the department shall provide the sentencing court with a written report outlining the basis for its objections to _the_ juvenile sanction and shall simultaneously provide a copy of the report to the state attorney and the defense counsel. The department shall schedule a hearing within 30 days. Upon hearing, the court may revoke the previous adjudication, impose an adjudication of guilt, and impose any sentence which it may lawfully impose . . . .

§ 985.565(4)(c) (emphasis added).

The plain language used by the Legislature reveals that the DJJ must commence unsuitability proceedings when a child proves "not to be suitable to _a_ commitment program, juvenile probation program, or treatment program." The Legislature's choice of an indefinite article ("a") before the list of juvenile programs indicates that unsuitability proceedings must be commenced by the DJJ if a child is deemed unsuitable for _any_ (not all) of the enumerated juvenile programs.

The second clause of the section's first sentence mandates that the DJJ outline "the basis for its objections to _the_ juvenile sanction." The Legislature's choice of a definite article ("the") preceding the phrase "juvenile sanction" indicates that the Legislature intended to have the child brought back to court whenever _the_ specific sanction actually imposed has failed.

Under the statute, the DJJ has the responsibility to report the failure of a juvenile sanction – whatever sanction was actually imposed. After the DJJ commences the unsuitability proceeding, the judge has the discretion to find the child unsuitable for all juvenile sanctions. Here, the trial court did not exceed its authority under the statute because the statute does not require that the DJJ find a failure of _all_ juvenile sanctions before the court can determine the child is not suitable for future juvenile sanctions.

Dorcely's second argument urging reversal is procedural. He argues that the trial court erred when it allowed the State to introduce hearsay evidence at the unsuitability hearing. We find the error, if any, was harmless. There was competent, substantial, non-hearsay evidence upon which the court could rely in finding the child was not suitable for juvenile sanctions. Furthermore, "[e]ven where a judge erroneously admits improper evidence, the judge as factfinder is presumed to disregard it." _Guzman v. State_, 868 So. 2d 498, 511 (Fla. 2003).

We find that the trial court afforded Dorcely due process before finding him unsuitable for juvenile sanctions and imposing an adult sentence. The DJJ abided by the express language of the statute when it commenced the unsuitability proceeding after Dorcely proved not suitable for juvenile probation. The court noticed and conducted an evidentiary unsuitability hearing. The court's finding that Dorcely was not suitable for juvenile sanctions is supported by competent substantial evidence. The court's subsequent decision to revoke Dorcely's juvenile sanction and impose an adult sentence is permitted by the plain language of statute.

*Affirmed.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***