875 So.2d 747 (2004)
John D. NEWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2111.
District Court of Appeal of Florida, Second District.
June 16, 2004.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
*748 Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
John D. Newell appeals his conviction and sentence for failing to comply with the sexual offender registration requirements contained in section 943.0435, Florida Statutes (2000). We affirm.
In February 2002, Newell was charged with failure to register as a sexual offender. Among other things, section 943.0435 requires a convicted sexual offender to register and provide specific information to law enforcement and to notify law enforcement of any change in residence. Newell filed a motion to dismiss, arguing that section 943.0435 is unconstitutional on procedural due process grounds. After the trial court denied the motion. Newell entered a no constent plea while reserving the right to appeal the denial of his motion. On appeal, Newell argues that section 943.0435 violates procedural and substantive due process requirements.[1]
Procedural due process challenges to section 943.0435 have previously been rejected by this court and other district courts of appeal. See Givens v. State, 851 So.2d 813 (Fla. 2d DCA 2003); Dejesus v. State, 862 So.2d 847 (Fla. 4th DCA 2003); Johnson v. State, 795 So.2d 82 (Fla. 5th DCA 2001). Accordingly, we conclude that the trial court did not err by denying Newell's motion to dismiss as to procedural due process.
Concerning substantive due process, Newell argues that section 943.0435 improperly lacks any requirement of guilty knowledge, scienter, or mens rea. The Florida Supreme Court rejected this argument in State v. Giorgetti, 868 So.2d 512 (Fla.2004), and held that section 943.0435 must be construed as including a knowledge requirement.
Newell also makes a generalized attack on section 943.0435 without providing any significant analysis or citation to legal authority. Under established principles, "[a]ll statutes are presumed to be constitutional, and the party challenging the constitutionality of a statute bears the burden of demonstrating that it is invalid." Hudson v. State, 825 So.2d 460, 465 (Fla. 1st DCA 2002); see also Chicago Title Ins. Co. v. Butler, 770 So.2d 1210, 1214 (Fla. 2000). Newell's conclusory argument demonstrates no basis for reversal.
Accordingly, we affirm Newell's conviction and sentence.
ALTENBERND, C.J., and DAVIS, J. Concur.
NOTES
[1] Newell's counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief discussed in an abbreviated manner procedural and substantive due process issues and concluded that there is no basis for reversal. We ordered the parties to provide supplemental merits briefs addressing procedural and substantive due process.