SILBERMAN, Judge.
 

 Andrew Krampert appeals his conviction and sentence for failure to reregister as a sexual predator. We reverse because the trial court erred by failing to properly instruct the jury that it had to determine whether Krampert knowingly failed to re-register as a sexual predator.
 

 Background and Trial Proceedings
 

 In an earlier proceeding, Krampert had been designated as a sexual predator. As a result, he was required to register with the Florida Department of Law Enforcement and to periodically reregister by reporting in person to the sheriffs office in the county where he resided or was otherwise located.
 
 See
 
 § 775.21(8)(a), Fla. Stat. (2006). A sexual predator’s failure to re-register constitutes a third-degree felony. § 775.21(10)(a).
 

 On September 15, 2006, the State charged Krampert with failing to reregis-ter in July 2006. On the morning of trial, the State requested that the trial court preclude Krampert from presenting hearsay evidence as to statements purportedly made by a deputy with the Pinellas County Sheriffs Office. The State anticipated that Krampert was going to have his mother testify that the deputy went to Krampert’s home, spoke with him, and insinuated that his reregistration had been completed as a result of the visit. The State asked the trial court to preclude Krampert or his mother from testifying concerning the deputy’s statements. Krampert argued that the statements were not hearsay because they were not being offered for the truth of the matter asserted. Instead, the statements would establish Krampert’s state of mind as to why he did not go to the sheriffs office to reregister. The State countered that it was “highly suspicious that this deputy ever made those statements or he was even at the house during that month” and that the statements did not provide a legal justification for Krampert’s failure to re-register. The trial court indicated that it would consider the issue during trial and that Krampert might have to proffer the testimony.
 

 During the jury trial, the State established Krampert’s obligation to reregister and his failure to do so in July 2006. After the State rested, the trial court revisited the issue of whether Krampert would be permitted to present evidence regarding the deputy going to his home, speaking with him, and leading him to believe that he did not have to report in person to the sheriffs office to reregister in July 2006. The State renewed its hearsay objection and argued that the testimony would be self-serving. Krampert reiterated that the testimony would address his state of mind, the impact that the deputy’s statements had on him, and why he did not reregister. The trial court found that Krampert’s state of mind was not at issue because the question was simply “either he registered or he didn’t.” The court ruled that Kram-pert could not present evidence of what the deputy said to him during the home visit because the testimony would be inadmissible hearsay.
 

 At a proffer outside the jury’s presence, Krampert testified about his discussion with the deputy in July 2006 and his belief, based on that discussion, that he had satisfied his reregistration obligation for the following six months.
 
 [1]
 
 Krampert testified that the deputy went to his house and that
 
 *172
 
 they had a friendly conversation. The deputy said that he was new on the case and “was checking the residences and stuff like that.” The deputy listened to what Krampert “had to say about me being there” and when he was leaving, Krampert “asked him if I was okay, if I was good,” and the deputy told him “yes.” On cross-examination during the proffer, the State asked the following: “And you assumed, based on that exchange, that you were good to go for the next six months?” Krampert responded: “Yes, sir. I believed that at that time I had done everything. I had filled out the paperwork that is meant for me — meant for me to fill out to send in to Tallahassee. I had met with an officer from the unit who knew I wasn’t going anywhere.” When asked whether he filled out a reregistration form with the deputy, Krampert stated that the “only forms I filled out are normally the ones that they mail to me.”
 

 After the proffer, the parties finished their presentation of evidence. At the conclusion, the trial court instructed the jury, in pertinent part, as follows:
 

 Before you can find the defendant guilty of failure to register as a sexual predator, the State must prove the following two elements beyond a reasonable doubt:
 

 One, Andrew J. Krampert is a sexual predator; two, Andrew J. Krampert, after registering as a sexual predator during the month of his birthday with the Pinellas County Sheriffs Office or with the Florida Department of Law Enforcement, Andrew J. Krampert failed to re-register as a sexual predator during the sixth month following Andrew J. Krampert’s month of birth with the Pi-nellas County Sheriffs Office or with the Florida Department of Law Enforcement.
 

 Following deliberations, the jury returned a guilty verdict.
 

 Issues
 

 Krampert raises three issues on appeal. First, he argues that the trial court fundamentally erred by not instructing the jury that before it could find Krampert guilty, the State had to prove that he knowingly failed to reregister by not reporting in person at the sheriffs office during the sixth month following his birthday month. In its brief, the State concedes that Kram-pert is entitled to a new trial because the trial court did not instruct the jury as to “knowledge of a duty to register.” It recognizes that at trial, it took the position that it only had to prove that Krampert was a sexual predator and failed to register. It further recognizes that Krampert disputed the knowledge aspect and sought to introduce evidence on that point.
 

 Krampert next argues that the trial court erred in prohibiting him from testifying regarding the deputy’s statement and its effect on Krampert’s state of mind concerning the reregistration requirement. The State contends that if the trial court erred, this error was harmless.
 

 Finally, Krampert argues that the trial court committed fundamental error in permitting the State to make certain comments in its closing argument. The State responds that this issue is moot because a new trial is required based on the jury instruction error. We have reviewed the trial transcript and conclude that Kram-pert has not established fundamental error as to this issue, and we do not address it further.
 

 Analysis
 

 The parties have not cited to any case directly addressing whether section 775.21 includes a knowledge requirement as an element of the offense of failing to reregister as a sexual predator. However,
 
 *173
 
 they cite to
 
 State v. Giorgetti,
 
 868 So.2d 512 (Fla.2004), and
 
 In re Standard Jury Instructions in Criminal Cases-Report No. 2007-4,
 
 988 So.2d 531, 549 (Fla.2008), as instructive.
 
 [2]
 

 In
 
 Giorgetti,
 
 the Florida Supreme Court addressed whether the State was required to prove knowledge of the registration requirement as an element of the crime of failing to register as a sexual offender under section 943.0435, Florida Statutes (2000). The court stated that at common law, “guilty knowledge or
 
 mens rea
 
 was a necessary element in the proof of every crime.” 868 So.2d at 515. Further, “this rule was followed with regard to statutorily defined crimes, even if the statute did not expressly include a knowledge requirement.”
 
 Id.
 
 The court reiterated “that we will ordinarily presume that the Legislature intends statutes defining a criminal violation to contain a knowledge requirement absent an express indication of a contrary intent.”
 
 Id.
 
 at 516. Further, “[t]he group of offenses punishable without proof of any criminal intent must be sharply limited.”
 
 Id.
 
 (quoting
 
 Chicone v. State,
 
 684 So.2d 736, 743 (Fla.1996)). The court also noted the reluctance of the United States Supreme Court to impute to Congress the intent to do away with the
 
 mens rea
 
 requirement in cases involving serious consequences.
 
 Id.
 
 at 518-19.
 

 Regarding section 943.0435, the Florida Supreme Court observed that the failure to register as a sexual offender is a third-degree felony carrying serious consequences and that “because the statute contains no expression of any intent to remove knowledge as an element of these offenses,” it is appropriate “to construe a knowledge requirement into the statutes.”
 
 Id.
 
 at 519. The court concluded that “at a minimum ‘actual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply are necessary before a conviction under [the sexual offender registration statutes] can stand.’”
 
 Id.
 
 at 520 (quoting
 
 Lambert v. California,
 
 355 U.S. 225, 229, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957));
 
 see also Newell v. State,
 
 875 So.2d 747, 748 (Fla. 2d DCA 2004) (citing
 
 Giorgetti
 
 for the proposition “that section 943.0435 must be construed as including a knowledge requirement”).
 

 Similar to section 943.0435, section 775.21 does not express any intent to remove knowledge as an element and it punishes the failure to comply with the statute’s registration requirements as a third-degree felony. § 775.21(10)(a). As Kram-pert argues and the State acknowledges, the reasoning in
 
 Giorgetti
 
 applies here and section 775.21 must be construed as including a knowledge element.
 

 Krampert’s failure to object to the erroneous instruction does not preclude appellate review. “It is well settled that jury instructions are subject to the contemporaneous objection rule, and absent an objection at trial, any alleged error can be raised on appeal only if fundamental error has occurred.”
 
 Wright v. State,
 
 975 So.2d 498, 499 (Fla. 2d DCA 2007).
 

 The trial court instructed the jury that the State need only establish that Kram-pert was a sexual predator and that he failed to reregister as a sexual predator during the sixth month following his birth
 
 *174
 
 month. This instruction omitted the knowledge element and precluded the jury from determining whether Krampert knowingly failed to reregister. The instruction was an incorrect statement of the law and had the effect of negating Kram-pert’s only defense: that he did not knowingly fail to reregister.
 

 Because the trial court erroneously concluded that knowledge was not an element of the crime, it excluded Krampert’s evidence on the issue of whether he knowingly violated the statute. Had the jury heard and accepted Krampert’s defense, that based on his discussion with the deputy he believed he had satisfied his reregistration requirement for July 2006, the jury may have returned a not guilty verdict. Thus, we conclude that the trial court’s failure to give correct instructions to the jury constitutes fundamental error, and we reverse and remand for a new trial. See
 
 id.; Carter v. State,
 
 469 So.2d 194, 196 (Fla. 2d DCA 1985);
 
 Williams v. State,
 
 982 So.2d 1190, 1194 (Fla. 4th DCA 2008).
 

 We next address Krampert’s argument that the trial court erred in sustaining the State’s hearsay objection and in preventing him from presenting evidence concerning his discussion with the deputy. We agree that the deputy’s statements were not hearsay because they were not offered to prove the truth of what the deputy stated but to prove or explain Krampert’s own subsequent conduct.
 
 See
 
 § 90.801(1)(c), Fla. Stat. (2007);
 
 Penalver v. State,
 
 926 So.2d 1118, 1132 (Fla.2006) (reiterating that “if the statement is offered for some purpose other than its truth, the statement is not hearsay and is generally admissible if relevant to a material issue in the case”);
 
 Miller v. State,
 
 870 So.2d 15, 17 (Fla. 2d DCA 2003) (concluding that testimony regarding a deputy stating “Stop or I’ll shoot” was not hearsay because it was not being elicited to prove that the deputy was going to shoot the defendant but was offered to show the effect of the statement on the defendant and to explain his subsequent conduct). The evidence that Krampert offered was relevant to address the knowledge element of the crime, that his failure to reregister was not a knowing or intentional failure. Because the evidence was relevant to a material issue and was not offered to prove the truth of the deputy’s statements, the trial court erred by sustaining the State’s hearsay objection.
 
 See Penalver,
 
 926 So.2d at 1132;
 
 Miller,
 
 870 So.2d at 17. However, in light of our decision that the erroneous jury instructions necessitate a new trial, we decline the State’s invitation to engage in a harmless error analysis.
 

 Reversed and remanded for new trial.
 

 ALTENBERND and CASANUEVA, JJ., Concur.
 

 [1]
 

 . The frequency of reregistration has since changed. Presently, a sexual predator must reregister during his or her birth month and every third month thereafter. § 775.21(8)(a), Fla. Stat. (2008).
 

 [2]
 

 . Recently, the Florida Supreme Court approved standard jury instructions for failure to register or reregister as a sexual predator pursuant to section 775.21(8)(a).
 
 See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-4,
 
 983 So.2d at 549. Florida Standard Jury Instruction (Criminal) 11.15 (k) includes as an element that the defendant “knowingly failed to reregister by reporting in person” during the specified time periods. The trial court did not have the benefit of these instructions.