NORTHCUTT, Judge.
Larry Tyler was convicted of failing to register as a sexual offender because he did not obtain an updated driver’s license after changing his residence, as required by section 943.0435, Florida Statutes (2007). Tyler contended below and argues here that the statute is unconstitutional. In the absence of evidence demonstrating its application to Tyler’s particular circumstances, we affirm the judgment and sentence on the ground that the statute is facially valid. We must leave for another day a decision on the constitutionality of the statute as applied to a sexual offender who cannot afford to pay.
Florida law imposes on convicted sexual offenders a number of ongoing obligations to report and register their whereabouts. For example, a sexual offender is required as a matter of course to report in person to the local sheriffs office, either twice a year or more often depending on the nature of the underlying conviction. § 944.607(13), Fla. Stat. (2007). In addition to the regular reporting requirement, each time the offender permanently or temporarily changes his residence, he must within forty-eight hours report in person to the sheriffs office to register the new address, be photographed, have fingerprints taken, and furnish various items of information specified in the statute. § 943.0435(2). Then, within forty-eight hours after reporting to the sheriffs office, the offender must report in person to the driver’s license office of the Department of Highway Safety and Motor Vehicles to secure or renew a driver’s license or identification card bearing the new address. § 943.0435(3).
The statute expressly requires the offender to “[p]ay the costs assessed by the Department of Highway Safety and Motor Vehicles for issuing or renewing a driver’s license or identification card as required by this section.” § 943.0435(3)(b). At the time of the offense, the Department charged $10 for a replacement driver’s license or identification card reflecting a change of address. §§ 322.17(2), 322.051(2)(a), Fla. Stat. (2007).[1] The Florida statutes contain no provision for waivers or discounts to indigents. Failure to comply with the reporting and registration requirements in chapter 943 is a third-degree felony. § 943.0435(9).
For background on Tyler’s case, we have gleaned the following facts from the probable case affidavit. According to a detective with the Lee County Sheriffs Office, Tyler was convicted of an unspecified offense in Texas in 1993, and this offense qualified him as a sexual offender in Florida. Tyler’s address in Fort Myers was listed with the Florida Department of Law Enforcement, and the detective visited Tyler in late September 2007 to verify his presence. At that time, the detective told Tyler to update his driver’s license, which still reflected his previous address in Cape Coral. Tyler responded that he was short on money but would have the license updated in a few days. About two weeks later, the detective again made contact with Tyler. Tyler had not updated his license but advised that he was about to move to a new residence and would update his license with the new address. Within a few days, the Lee County Sheriffs Office had Tyler’s new address in Fort Myers, and the detective visited Tyler at this address in November. But Tyler had never updated his license, and he was arrested and charged with violating section 943.0435 *963 by failing to obtain a new license after changing his residence.
Tyler filed a pretrial motion seeking a declaration that the criminal statute was unconstitutional as applied to an indigent who could not afford to pay the associated cost. The motion asserted that the statute violates the Due Process Clause and the prohibition against imprisonment for debt, citing article I, sections 9 and 11, Florida Constitution,[2] and the Fourteenth Amendment to the United States Constitution.[3]
At the motion hearing, neither party presented evidence. Tyler’s attorney simply relied on Tyler’s status as indigent for purposes of qualifying for the services of a public defender. The prosecutor simply argued that the statute’s constitutionality had been consistently upheld. The court denied Tyler’s motion to declare the statute unconstitutional without elaboration. Subsequently, Tyler changed his plea to no contest and reserved the right to appeal the dispositive constitutional issue. Although it appears that Tyler’s address was at all times known to the Lee County Sheriffs Office, no evidence or argument was submitted for a downward departure sentence.[4] Tyler was sentenced to 31.6 months in prison.
It is firmly established that a person cannot be imprisoned solely because of his indigence. V.H. v. State, 498 So.2d 1011, 1011 (Fla. 2d DCA 1986) (citing Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971)); see also State v. Beasley, 580 So.2d 139, 142 (Fla.1991) (holding that assessment of defendant’s ability to pay criminal costs was necessary only when government sought to enforce collection and defendant could suffer loss of liberty or property; “[i]f that loss were because Beasley simply was too poor to pay, through no fault of his own, his due process rights would be violated”). In analogous circumstances, the United States Supreme Court has held that the federal Constitution forbids statutory schemes that convert criminal fines to imprisonment solely on the basis of the defendants’ inability to pay the fines. See Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) (holding that such a scheme violated the Equal Protection Clause of the Fourteenth Amendment); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) (same).
Similarly, a probationer cannot be imprisoned for failing to pay court-imposed restitution without the court’s first determining that the probationer had the ability to pay but willfully refused to do so, even if the probationer previously agreed to waive a future determination of his ability to pay. Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994). In reaching this conclusion, the Florida Supreme Court approved the the Third District’s reasoning that “such a scheme, with no determination of the defendant’s ability to pay before being incarcerated for failing to make restitution, ‘subverts the requirements of due process and equal protection and the prohibition of imprisonment for debt.’ ” 630 So.2d at *964 1091 (quoting Hamrick v. State, 519 So.2d 81, 82 (Fla. 3d DCA 1988)).
Here, however, Tyler introduced no evidence of his inability to pay. As defense counsel pointed out, Tyler qualified for the services of a public defender. But proving that he could not afford an attorney fell far short of proving that he could not afford to update his driver’s license. “The constitutional application of a statute to a particular set of facts ... must be raised at the trial level.” Trushin v. State, 425 So.2d 1126, 1129-30 (Fla.1982).
Without evidence of facts sufficient to decide Tyler’s as-applied challenge, we are left to consider the facial validity of the statute. To find the statute facially unconstitutional, we would have to conclude that “no set of circumstances exists under which the statute would be valid.” Fla. Dep’t of Revenue v. City of Gainesville, 918 So.2d 250, 256 (Fla.2005). Tyler argues that, when the statute results in imprisonment because a sexual offender could not pay for an updated license or identification card, the statute violates the constitutional prohibition against imprisonment for debt. In Turner v. State ex rel. Gruver, 168 So.2d 192 (Fla. 3d DCA 1964), the appellate court found unconstitutional a local ordinance that imposed a criminal penalty for nonpayment of a garbage collection charge. “Statutes or ordinances, designed as debt collecting devices under the guise of penal laws, contravene the constitutional prohibition against imprisonment for debt.” Id. at 194 (quoting 16 C.J.S. Constitutional Law § 204(4)). In this case, chapter 322 requires the Department of Highway Safety and Motor Vehicles to charge for issuing a replacement driver’s license or identification card reflecting a change of address. §§ 322.17(2), 322.051(2)(a). No law requires a typical resident, or even a typical felon, to obtain a driver’s license or identification card. On the other hand, sexual offenders such as Tyler are legally compelled to obtain this documentation every time they change their residences, and they are expressly required to pay for it. Thus, the case appears similar to the situation in Turner, in which simple nonpayment subjects a person to a potential imprisonment.
Whether analyzed under this provision or under state and federal due process and equal protection grounds, however, the statute’s criminal penalty would present a constitutional violation only for defendants who have made reasonable efforts to pay but cannot do so through no fault of their own. As the United States Supreme Court explained when invalidating a statute that provided for an automatic probation revocation due to a defendant’s failure to pay a fine:
If the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection. See ALI, Model Penal Code § 302.2(1) (Proposed Official Draft 1962). Similarly, a probationer’s failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense. But if the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available. This lack of fault provides a “substantial rea-so[n] which justified] or mitigate[s] the violation and make[s] revocation inappropriate.” Gagnon v. Scarpelli, supra, *965 411 U.S. [778], at 790, 93 S.Ct. [1756], at 1764, 36 L.Ed.2d 656 [ (1973) ]. Cf Zablocki v. Redhail, 434 U.S. 374, 400, 98 S.Ct. 673, 688, 54 L.Ed.2d 618 (1978) (POWELL, J., concurring) (distinguishing, under both due process and equal protection analyses, persons who shirk their moral and legal obligation to pay child support from those wholly unable to pay).
Bearden v. Georgia, 461 U.S. 660, 668-69, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (footnotes omitted). In this case, there was no showing that Tyler had made an effort to update his license but was unable to do so because he could not pay the associated fee despite his reasonable efforts.
Although we affirm Tyler’s conviction and sentence, we disagree with the State’s assertion, below and on appeal, that his constitutional challenge has already been resolved against him by Florida’s appellate courts. None of the cases cited by the State, either in the circuit court or here, has upheld the statute against a constitutional challenge premised on the defendant’s indigence. See State v. Giorgetti, 868 So.2d 512 (Fla.2004) (construing sex offender registration statute to require proof of offender’s actual or probable knowledge of duty to register in order to meet requirements of due process); Newell v. State, 875 So.2d 747 (Fla. 2d DCA 2004) (rejecting procedural and substantive due process claims); Givens v. State, 851 So.2d 813 (Fla. 2d DCA 2003) (rejecting procedural due process and ex post facto challenges to constitutionality of statute); Dejesus v. State, 862 So.2d 847 (Fla. 4th DCA 2003) (rejecting generally constitutional challenge based on procedural due process and privacy); Johnson v. State, 795 So.2d 82 (Fla. 5th DCA 2000); Rickman v. State, 714 So.2d 538 (Fla. 5th DCA 1998); Doe v. Moore, 410 F.3d 1337 (11th Cir.2005). Neither have we found such a case.
Affirmed.
YILLANTI and KHOUZAM, JJ., Concur.

. The Department now charges $25. § 322.21(l)(e), (f), Fla. Stat. (2010).

. "No person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense, or be compelled in any criminal matter to be a witness against oneself.” Art. I, § 9, Fla. Const. “No person shall be imprisoned for debt, except in cases of fraud.” Art. I, § 11, Fla. Const.

. "[N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.” Amend. XIV, § 1, U.S. Const.

.See, e.g., § 921.0026(2)(c), Fla. Stat. (2007) (allowing downward departure when defendant’s capacity to conform his conduct to the law’s requirements was substantially impaired).