NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL JAMES EVELAND, JR.,    )
    )
    Appellant,    )
    )
v.    )    Case No. 2D13-1395
    )
STATE OF FLORIDA,    )
    )
    Appellee.    )
_____)

Opinion filed  July 2, 2014.

Appeal from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Howard L. Dimmig, II, Public Defender, and
Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Diana K. Bock, Assistant
Attorney General, Tampa, for Appellee.


CASANUEVA, Judge.

Michael James Eveland, Jr. was charged with one count of failure of a

sexual offender to report, in violation of section 943.0435(9), Florida Statutes (2012).

Mr. Eveland filed a motion to dismiss the information, arguing that he was indigent and

unable to pay the fee required for compliance with section 943.0435 and that section

943.0435 is unconstitutional as applied to indigent individuals. The trial court denied the motion. Mr. Eveland entered a guilty plea, reserving the right to appeal the denial of the motion to dismiss. This appeal followed.

Mr. Eveland raises two claims of trial court error. First, he contends that the evidence established his inability to pay the fee required by section 943.0435, and second, he contends that the statute as applied to this factual instance violates identifiable constitutional provisions. We find merit in his first claim and reverse for further proceedings, which likely will include a resolution of the second claim.

We review a trial court's denial of a motion to dismiss de novo. Simpson v. State, 33 So. 3d 776, 778 (Fla. 4th DCA 2010). "In determining whether the trial court erred in denying the defendant's motion to dismiss, this Court must review the particular facts presented as they relate to the elements of the criminal charge." Brinkley v. State, 874 So. 2d 1199, 1201 (Fla. 5th DCA 2004).

Florida law imposes on convicted sexual offenders ongoing obligations to report and register. § 943.0435. In addition to other requirements, each time an offender permanently or temporarily changes his address, he must, within forty-eight hours, report in person to the sheriff's office to register the new address, be photographed, and have his fingerprints taken. Within forty-eight hours after reporting to the sheriff's office, the offender must report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles (DHSMV) to obtain or renew a driver's license or identification card with the offender's new address. § 943.0435(3). Further, the offender must pay the costs assessed by the DHSMV for issuing or renewing a driver's license or identification card. § 943.0435(3). There is no statutory

provision for waivers or discounts to indigents, and failure to comply with the reporting and registration requirements in chapter 943 is a third-degree felony. § 943.0435(9); Tyler v. State, 69 So. 3d 961 (Fla. 2d DCA 2011).

Prior to the initiation of proceedings in this case, Mr. Eveland had been determined to be a sexual offender. In late December 2012, he was charged with failing, as a sexual offender, to report for driver's license or identification renewal.[1] The information charged that the crime was committed between October 1 and November 30 of that year.

The facts brought before the trial court established that on October 4, 2012, Mr. Eveland was released from jail, on probation, having served a sentence for another offense. Mr. Eveland was homeless for a period of approximately forty-eight hours after his release, at which time he received a referral from a homeless assistance organization. On October 11, 2012, Mr. Eveland registered his address with the sheriff's office and presented himself to an office of the DHSMV for the purpose of updating his address and obtaining an identification card. However, Mr. Eveland was not issued an identification card. Rather, DHSMV provided him with a document that reflected that he had reported to DHSMV on that date but "could not produce the required identification, documentation and/or money needed to secure a Florida driver license or Florida identification card." Mr. Eveland showed this document to his

---

[1]Not only was Mr. Eveland charged with violating section 943.0435, but that offense was also used to establish a violation of his then-existing probation. Our record indicates that no appeal was taken from the order finding him in violation of probation and the corresponding sentence imposed. Thus, we consider only the criminal charge in the context in which it was presented to the trial court and we do not comment on whether this evidence would suffice to prove a violation of probation.

probation officer and believed he was in compliance. However, this document was legally insufficient to establish compliance with section 943.0435(3).

When asked why he was unable to obtain his identification card on October 11, 2012, Mr. Eveland testified that he did not have any money, having last been employed as a day laborer in January 2012. He was not receiving help from family or friends, he was accepting charity from Metropolitan Ministries for food, and he was living at Good Samaritan. Mr. Eveland testified that since his release he had been looking for work, day-labor and otherwise, and sought assistance in making his résumé at Workforce Alliance. A job became available on November 20 or 21 but was filled before he arrived.

At the end of November 2012, Mr. Eveland's father agreed to help him financially and gave Mr. Eveland $35 to obtain his identification card. He testified that he intended to obtain the identification card with those funds but was unable to do so because he was admitted to Tampa General Hospital for five days. He was released on a Saturday and was unable to register with DHSMV before being arrested on Tuesday, December 4, 2012.

In ruling on Mr. Eveland's motion to dismiss, the trial court acknowledged: "[Y]ou cannot imprison or incarcerate persons who cannot pay fines or any other money with respect to criminal penalties . . . if, in fact, they do not have the ability to pay." The trial court proceeded to make the following findings: (i) Mr. Eveland was able bodied to work as a day laborer, noting that he had been employed as a day laborer in January 2012; (ii) after his release, he did not make "sufficient efforts" to work so as to obtain funds which could be used to pay for the identification card; and (iii) in late November,

- 4 -

he received $35 from his father. The court concluded that Mr. Eveland had not shown that he had made reasonable efforts to pay but could not do so through no fault of his own. Accordingly, it denied the motion. The issue is whether a crime was committed during the dates charged by the State in the information. We conclude that the evidence was lacking.

Section 943.0435(3) requires that a sex offender report to the DHSMV within forty-eight hours of reporting an address change to the sheriff's office. The crime of failing to report, if committed, must occur by statutory definition within that forty-eight-hour time span. Events occurring subsequent to that period do not relate backward in time so as to establish proof of a necessary element. Thus, the statute has established the relevant time frame for compliance. Here, it is within the forty-eight hours following the offender's reporting to the sheriff's office. Within that forty-eight-hour window, Mr. Eveland was required by statute to (1) report to the DHSMV, and (2) obtain an updated identification card, which requires the payment of an administrative fee. It is this time frame that must be applied when measuring Mr. Eveland's compliance with the statutory mandate.

Mr. Eveland reported his change of address to the sheriff's office on October 11, 2012. By statute, Mr. Eveland's time to comply with the reporting requirements expired on October 13, 2012. Likewise, it is between October 11 and October 13, 2012, that his ability to pay the administrative fee must be ascertained. The fact that Mr. Eveland's father provided him money in late November is not relevant to establishing the elements of the crime charged or Mr. Eveland's ability to pay. This gift was clearly beyond the forty-eight-hour period in which Mr. Eveland was required to

report.  Neither can the availability of day-labor employment in January 2012 establish, without more, that Mr. Eveland had available funds or ability to pay after his release from jail in October 2012.

Because the trial court erroneously considered irrelevant facts and applied the wrong statutory standard, we reverse and remand to the trial court for further consideration of the motion to dismiss.[2]  We believe that if the only evidence before the trial court is the identical evidence in this record, it is unlikely that it can be factually established that Mr. Eveland had the financial ability to pay the cost of the identification card during the relevant forty-eight-hour period.  This will necessitate a trial court determination of the statute's constitutionality as applied to Mr. Eveland in light of his assertion that his criminal conduct was a consequence of his insolvency.

Reversed and remanded with instructions.

VILLANTI and CRENSHAW, JJ., Concur.

---

[2]The State argues that Tyler, 69 So. 3d 961, supports an affirmance. However, this case is distinguishable from Tyler, in which the defendant introduced no evidence of his inability to pay, and Tyler's attorney simply relied on Tyler's status as indigent for purposes of qualifying for the services of a public defender.  Id.