LEVEYCOHEN, MARDI, Associate Judge.
Ernest Jenkins (“Appellant”) appeals his conviction and sentence for failure to re-register as a sexual predator. Appellant argues that the trial court reversibly erred by excluding an out-of-court statement of a stockade employee which Appellant relied upon 'and led him to believe that he was prevented from reregistering. Because the excluded testimony was not being introduced for the truth of the matter asserted blit rather for the effect on the listener, we find that the trial court erred in excluding the statement as hearsay. The error was not harmless, and we reverse. Appellant also argues that the trial court erred in denying his motion for a downward departure sentence. Because we agree with Appellant’s first argument and reverse on *868 that point, we decline to address his second argument.
In March 1994, Appellant pled guilty to lewd assault. Per the plea agreement, adjudication was withheld and Appellant received five years of probation. In 1997, while Appellant was still on probation, section 943.0435, Florida Statutes, was enacted requiring persons convicted of sexual offenses to report to the Department of Law Enforcement and register as sex offenders. See § 943.0435, Fla. Stat. (1997); see also State v. Wiita, 744 So.2d 1232, 1233 (Fla. 4th DCA 1999). Appellant was thereafter required to reregister as a sex offender bi-annually.
On August 19, 2012, Appellant was arrested and charged with failure to reregis-ter as a séx offender pursuant to section 943.0435, Florida Statutes, after he failed to reregister in May of 2012. ' The matter ultimately proceeded to jury trial. At trial the state established Appellant’s obligation to reregister bi-annually and his failure to do so in May 2012. The state introduced testimony of a Palm Beach County Sheriffs Deputy who explained that all registrants are allowed to register regardless of whether there is an outstanding warrant for their arrest.
Appellant testified at trial and indicated that he went to the stockade in Palm Beach County to reregister but was unable to do so.- Appellant knew that at that time there was a warrant for his arrest with regard- to an unrelated traffic matter. As Appellant attempted to explain why he was unable to reregister on that day, the state objected on hearsay grounds. Defense counsel did not proffer on the record the exact substance of Appellant’s statement; however, the court indicated during the ensuing sidebar that it understood the testimony to be that Appellant was told by a stockade employee that he could not rereg-ister with an outstanding arrest warrant. Defense counsel agreed with the judge’s conclusion, as in fact he told the jury during opening statements that the reason the Appellant was prevented- from reregister-ing was because he believed he was prevented from doing so by a stockade employee.[1]
During sidebar, defense counsel argued that the statement was being offered to show the effect on the listener, namely to explain his belief and his actions, and not to prove the truth of the Palm Beach County Sheriffs Office policies. The court ultimately sustained the hearsay objection, finding that the statement went to the truth of the matter asserted.
Appellant then resumed his testimony and explained that he left the stockade and went to the Public Defender’s Office to obtain assistance in recalling the warrant. Appellant did so because he believed that he needed to clear up the warrant before he could reregister. Appellant was unable to pay the Public Defender’s fee at that time so he left the office and returned a month later to pay the fee and have the warrant withdrawn. Once the warrant was cleared up Appellant returned to the *869 •stockade to reregister but was once again turned away as he now had a warrant for not reregistering. Appellant’s only defense at trial was that he did not willfully fail to register because he believed he could not register when he was turned away from the stockade.
■ During closing arguments, both the prosecutor and defense counsel addressed the theory of Appellant’s defense, that he believed that he was prevented from re-registering because he had an outstanding warrant for his arrest on an unrelated matter based upon his encounter with a stockade employee at the time he appeared to reregister. The jury, being unable to hear the excluded testimony, found Appellant guilty of failing to reregister as a sex offender.
Appellant argues on appeal that the trial court reversibly erred in sustaining the state’s hearsay objection as the precluded statement was not offered to prove whether Appellant could in fact register with an open warrant or what the stockade policies were with regard to outstanding warrants, but rather to prove or explain Appellant’s belief and subsequent actions in not rereg-istering. The State claims that the excluded statement was hearsay and was properly excluded and that in the alternative the error, if any, was harmless because Appellant’s defense was ultimately presented to the jury during both the defense’s opening statement and both parties’ closing arguments.
The Florida Statutes defines hearsay as a statement, other than one made by the declarant while testifying at trial or hearing, offered to prove the truth of the matter asserted. § 90.801(l)(c), Fla. Stat. (2014). If the statement is offered for some purpose other than its truth, it is not hearsay. See id.; Penalver v. State, 926 So.2d 1118, 1132 (Fla.2006) (“[I]f the statement is offered for some purpose other’ than its truth, the statement is not hearsay and is generally admissible if relevant to a' material issue in the case.”); King v. State, 684 So.2d 1388, 1390 (Fla. 1st DCA 1996). When a statement is offered to prove what a person thought after the person heard the statement, it is being offered to prove the. person’s state of mind and is not hearsay. See Alfaro v. State, 837 So.2d 429, 432-33 (Fla. 4th DCA 2002).
The court’s holding in Krampert v. State, 13 So.3d 170 (Fla. 2d DCA 2009), is instructive in this case.. In that case, the defendant was similarly charged with failure to reregister ás a sexual predator. Id. at 170. At trial, the defendant argued that he did not knowingly fail to reregister because he was under the impression, based on an officer’s statements to him, that he was not required to register in person. Id. at 171-72. When the defendant attempted to testify as to what the officer told him, the state objected based on hearsay grounds. Id. at 171. At a proffer outside of the jury’s presence, the defendant testified that in July of 2006, the month during which- he was required to reregister, an officer came to check the residence and to speak with the defendant. Id. at 172. As the officer was leaving, the defendant asked him if he was “okay, if [he] was good,” to which the officer responded “yes.” Id. On cross-examination, the defendant explained that he understood that exchange as meaning that’ he was “good to go for the next six months” with regard to registering. Id. The trial court ultimately sustained the objection and precluded the defendant from testifying as to what the officer told him. Id. In holding that the trial court erred in sustaining the hearsay objection, the appellate qourt noted that:
[The officer’s] statements were not hearsay because they were not- offered to prove the truth of what the deputy stat *870 ed but to prove or explain [the defendant’s] own subsequent conduct. The evidence that [the defendant] offered was relevant to address the-knowledge element of the crime, that his failure to reregister was not knowing or intentional failure..
Id. at 174; see also Alfaro, 837 So.2d at 432 (holding that the excluded testimony was not hearsay as it was offered to show that the defendant had a good faith belief that the van was not stolen and belonged to the passenger); Hansman v. State, 679 So.2d 1216, 1218 (Fla. 4th DCA 1996) (testimony in theft case that the defendant was given permission to take the owner’s baseball card .collection so that he could file fraudulent insurance claim was erroneously excluded as it went to the defense of the case); Duncan v. State, 616 So.2d 140, 141-42 (Fla. 1st DCA 1993) (testimony of seller of stolen tire rims that he told defendant they were salvaged should have been admissible to show effect on defendant in dispelling his suspicion that they were stolen).
Similarly, in the instant case, Appellant’s excluded testimony about what the stockade employee told him was not hearsay as those, statements were being admitted to show the effect on the listener, that is, the reason Appellant left and did not register that day. The statements were not being admitted to prove the truth of the matter asserted (one cannot register with an outstanding warrant), but instead, that a sheriffs department employee made such statements to Appellant, which is the purported reason he left without registering. See Krampert, 13 So.3d at 174. It was for the jury to decide if Appellant’s testimony was credible.
Although the State argues to the contrary, it cannot be said that this error was harmless. A harmless error analysis requires that the “beneficiary of the error” prove that the error did not contribute to the verdict. State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986). The State claims that the verdict was not affected as Appellant’s defense-was ultimately presented to the jury by way of other evidence, such-as comments made during both opening statements and closing arguments which essentially outlined Appellant’s defense and the excluded testimony. This analysis is flawed in that the statements of counsel during opening statements and closing arguments are not evidence, and the jury is told that the statements of the lawyers are not evidence pursuant to the Florida Standard Jury Instructions. See Fla. Std. Jury Instr. 2.1; see also Conahan v. State, 844 So.2d. 629, 643 (Fla.2003) (Harding, J., concurring in part, dissenting in part). As such, we conclude that the error was not harmless and reverse.

Reversed and remanded for new trial.

WARNER and CONNER, JJ., concur.

. The State additionally argues on appeal that Appellant failed to properly preserve this issue for appellate review because there was no proffer of the precise statement to the trial court. See Blackwood v. State, 777 So.2d 399, 411 (Fla.2000). However, during sidebar the trial court judge stated "I assume it's being offered to prove the truth of the matter asserted, that is that he was turned away,” and defense counsel agreed. This was.no doubt due to defense counsel’s opening statement where he outlined Appellant’s reason for not reregistering, and that he was told he could not by a stockade employee. Accordingly, the substance of the evidence was made known and this Court did not have to speculate as to what the statement would have been. See Petruschke v. State, 125 So.3d 274, 284 (Fla. 4th DCA 2013).