LENDERMAN, JOHN C„ Associate Senior Judge.
Paul Hughbanks appeals his judgment and sentence for failing to properly register as ‘ a sexual offender in violation of section 943.0435, Florida Statutes (2013). Hughbanks seeks to challenge the constitutionality of' that section based tin the trial court’s denial of his motion to withdraw his'guilty pléa filed pursuant to Florida Rule of Criminal Procedure 3.170(Z). Because we find that Hughbanks failed to properly preserve his ¿tihs'titutional' challenge, we must affirm.
Hughbanks’ counsel advised the trial court that Hughbanks had registered with the Polk County Sheriffs Office but was unable to also update his driver’s, license as required by sectiqn 943,0435(3). Hugh-banks alleges that he could not update his license .because he was unable to afford the renewal fee required by the Department of Highway Safety and Motor Vehicles. During the plea hearing, Hughbanks’ counsel informed the trial court that section 943.0435 may be unconstitutional as applied to indigent registrants.[1] Trial coun *1123 sel also indicated that Hughbanks would still be willing to enter a plea but expressly reserved the right to appeal a constitutional challenge to the statute. The State did not object to this reservation, and the trial court assured ■ Hughbanks, “You’re not waiving anything at this point by entering the plea.” Hughbanks then entered an open plea. ■
In order to properly preserve ah as-applied constitutional challenge for appeal, a defendant must timely raise the issue for the trial court’s consideration. See Tyler v. State, 69 So.3d 961, 964 (Fla. 2d DCA 2011) (“The constitutional application of a statute to a particular set of facts ... must be raised at the trial level.” (quoting Trushin v. State, 425 So.2d 1126, 1129-30 (Fla.1982))). Hughbanks’ counsel subsequently moved to withdraw the plea, pursuant to rule 3.170(Z), in order to file a motion to dismiss and. thereby put the constitutional issue before, the trial court. The State objected to. Hughbanks’ motion to withdraw his plea, arguing .that the pretrial motion to dismiss .should not be entertained after a plea has been entered, a judgment rendered, and a sentence imposed. The trial court agreed and denied the motion.
The record indicates that Hughbanks entered his plea, at least in part, under the misguided belief that he would be able to appeal the constitutional challenge. Despite this belief, Hughbanks’ .motion to withdraw did not allege that he entered the plea involuntarily. Instead, the motion alleges only that Hughbanks’ plea should be withdrawn in order “to properly preserve [the constitutional] issue for appeal.” Because Hughbanks failed to allege a cognizable ground on which to withdraw a plea under rule 3.170(i), we must affirm.[2] However, we affirm without prejudice to Hughbanks’ filing a motion for postconviction relief pursuant to rule 3.850(a)(5). See Hobbs v. State, 790 So.2d 1164, 1166 (Fla. 4th DCA 2001).
Affirmed.
SLEET and LUCAS, JJ., Concur.

. See Eveland v. State, 161 So.3d 481 (Fla. 2d DCA 2014) (reserving ruling on constitution *1123 ality because the trial court relied on improper evidence and applied wrong statutory analysis); Tyler v. State, 69 So.3d 961 (Fla. 2d DCA 2011) (reserving ruling on constitutionality because defendant presented no evidence establishing his inability to pay).

. Rule 3.170(Z) provides that a defendant may file a motion to withdraw only on the grounds specified in Florida Rules of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e). Rule 9.140(b)(2)(A)(ii) in turn provides the grounds:
(a) the lower tribunal’s lack of subject matter jurisdiction;
(b) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(c) an involuntary plea, if preserved by a motion to withdraw plea;
(d) a sentencing error, if preserved; or
(e) as otherwise provided by law.
Subsection (c) provides the only cognizable ground on which the trial court could have granted Hughbanks’ motion to withdraw.