DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRELL EUGENE TUMBLIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3507

[September 2, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven Levin, Judge; L.T. Case No. 562018CF001349A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

SHEPHERD, CAROLINE, Associate Judge.

The appellant was convicted of aggravated stalking. Appellant argues the trial court erred in three respects: (1) admitting into evidence a text message identified by the victim as being sent by the appellant, (2) allowing the victim to remain in the courtroom for opening statements after the rule of sequestration was invoked, and (3) denying his Florida Rule of Criminal Procedure 3.800(b) motion to correct illegal sentence for imposing a $500.00 public defender fee in the written judgment when the oral pronouncement was for $100.00.

We find no merit in the appellant's first two arguments and affirm the appellant's conviction. We agree with the third argument and remand to conform the written judgment to the oral pronouncement of a $100 public defender fee. We write only to address the second argument regarding the rule of sequestration.

On the day of trial, before opening statements, defense counsel moved to exclude the witnesses from the courtroom. The trial court declined to apply the rule of sequestration to the victim, stating it would be error to exclude her.

The state called the victim as its first witness. The victim testified that she filed for, and was granted, an injunction for protection against domestic violence which both she and the appellant signed. She testified that after the injunction was in place, on more than four occasions, the appellant violated the injunction and contacted her. She explained that those contacts were in person, by threatening telephone calls, and by text messages in which he said he would have fun killing her. The victim testified that she was able to video record one of the appellant's attempts to contact her when he appeared at her apartment. After the victim testified, she was not recalled as a witness at any other point in the case.

We review a trial court's decision to allow a witness to be excluded from the rule of sequestration for an abuse of discretion. *Gore v. State*, 599 So. 2d 978, 986 (Fla. 1992).

The Florida Rule of Evidence regarding witness sequestration is codified at section 90.616, Florida Statutes (2018), and titled "Exclusion of Witnesses." Section 90.616(1) provides: "At the request of a party the court shall order, or upon its own motion the court may order, witnesses excluded from a proceeding *so that they cannot hear the testimony of other witnesses* except as provided in subsection (2)." (emphasis added).

Section 90.616(2)(d) provides, in pertinent part, "[a] witness may not be excluded if the witness is … *the victim of the crime*, the victim's next of kin, the parent or guardian of a minor child victim, or a lawful representative of such person, unless, upon motion, the court determines such person's presence to be prejudicial." § 90.616(2)(d), Fla. Stat. (emphasis added).

As defined by the Florida Supreme Court, "[t]he purpose of the rule of sequestration is to avoid a witness coloring his or her testimony by hearing *the testimony of another*, thereby discouraging fabrication, inaccuracy, and collusion." *Knight v. State*, 746 So. 2d 423, 430 (1998) (emphasis added).

Here, the trial court properly allowed the victim to remain in the courtroom for opening statements. As a preliminary matter, the rule of sequestration does not apply to opening statements, as opening statements are not evidence. *See* Fla. Std. Jury Instr. (Crim.) 2.1. ("The opening statement gives the attorneys a chance to tell you what evidence they believe will be presented during the trial. What the lawyers say is not

evidence, and you are not to consider it as such."); *Conahan v. State*, 844 So. 2d 629, 643 (Fla. 2003) (Harding, J., concurring in part, dissenting in part) ("Opening remarks are not evidence ...."); *Jenkins v. State*, 189 So. 3d 866, 870 (Fla. 4th DCA 2015) ("[T]he statements of counsel during opening statements and closing arguments are not evidence, and the jury is told that the statements of the lawyers are not evidence pursuant to the Florida Standard Jury Instructions.").

Nevertheless, under section 90.616(2), the trial court properly could have allowed the victim to remain in the courtroom during the entire trial, unless it determined prejudice to the defense would result. The defense failed to show how prejudice resulted from the victim hearing opening statements. The victim was the state's first witness and was not recalled later as a witness, so there was no testimony which she could have heard by which she could conform her testimony. Thus, the defense has not established the trial court abused its discretion in allowing the victim to remain in the courtroom.

Based on the foregoing, we affirm the appellant's conviction. We remand to conform the written judgment to the oral pronouncement of a $100 public defender fee. The appellant need not be present for this ministerial act.

*Affirmed and remanded.*

LEVINE, C.J., and KUNTZ, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3